IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CAROL L. RIEDY                                                                                              PLAINTIFF

vs.                                         NO. 4:08CV01692 BSM

KENNETH WYERS, ET AL.                                                                    DEFENDANTS

**ORDER**

Pending before the court is the motion of AIG Claims Services (AIG) to intervene. AIG was the workers' compensation carrier for the employer of plaintiff Carol L. Riedy (Riedy) at the time of her accident.

Defendants object to the motion, claiming that it is untimely because it comes nearly one year after the complaint was filed. Defendants, however, do not indicate when AIG received notice of this action. Defendants note that the accident giving rise to this action occurred in 2005. Trial is scheduled for June 8, 2009, and discovery has completed. To allow intervention at this state of the proceedings would, according to defendants, disrupt the present discovery scheduling and the trial date.

A party may intervene to enforce its interest under Ark. Code Ann. § 11-9-410 as a matter of right. Intervention, however, must be timely. Failure to intervene results in waiver of the compensation carrier's statutory rights. *Northwest Arkansas Area Agency on Aging v. Golmon*, 70 Ark. App. 136, 140 (2000) (finding motion of employer and workers' compensation carrier to intervene after parties had reached tentative settlement to be timely).

This action was filed in state court on March 31, 2008, and removed on August 20,

2008. The case is currently set for jury trial on June 8, 2009. Discovery cutoff is March 16, 2009.

Defendants claim unfair prejudice if AIG is allowed to intervene at this late date. They state that AIG is only entitled to payment for medical treatment that was reasonably necessary in connection with the injury. Ark. Code Ann. § 11-9-508(a). Determination of whether AIG is entitled to all the payments would, according to defendants, require additional discovery including taking the depositions of treating physicians.

Defendants' concerns are well taken but do not justify denying intervention. Defendants' liability, if any, is independent of the right of AIG to recover under its lien. Riedy, the party affected by the lien, has not opposed AIG's motion.

For these reasons, AIG's motion to intervene (Doc. No. 12) is granted.

IT IS SO ORDERED this 10th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE